## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

EARL EUGENE BOX,  :
:  CIVIL ACTION NO. 3:86-CV-1704
     Petitioner  :
  v.  :  (JUDGE NEALON)
:
PETSOCK, ET AL.,  :
:
     Respondents  :

FILED
SCRANTON

AUG 1 8 2014

PER _____
DEPUTY CLERK

### MEMORANDUM

On December 3, 1986, Petitioner, Earl Eugene Box, an inmate then-confined[1] in the State

Correctional Institution in Pittsburgh, Pennsylvania filed a habeas corpus petition pursuant to 28

U.S.C. § 2254, challenging his 1975 conviction in the Dauphin County Court of Common Pleas.

(Doc. 1). By Memorandum and Order dated November 16, 1987, the habeas petition was

dismissed on the merits. (Doc. 37). On March 21, 2013, Petitioner filed a pro se motion under

Rule 60(b) to reopen the judgment. (Docs. 57-59). A notice of appearance for Petitioner was

subsequently filed, and on October 25, 2013, a supplemental motion to reopen judgment pursuant

to Rule 60 was submitted. (Doc. 80). The matter has been fully briefed and, for the reasons set

forth below, the motion will be denied.

**Background**

The factual background provided in the Memorandum dated November 16, 1987, is as

follows:

> On September 14, 1974, shortly after midnight, Steelton police received a
> call to investigate a shooting at Mueller's Tavern, a family-owned bar/restaurant
> located in the borough. The bar had been the target of a robbery. Three armed men
> had entered the establishment and ordered everyone to lie on the floor. One patron
> ran into the tavern's kitchen and began to run up the stairs that connected the first

---

[1]Petitioner is currently incarcerated at the State Correctional Institution in Graterford,
Pennsylvania.

floor tavern to the upstairs family living quarters. She fainted on the steps after seeing that one of the gunmen had followed her.

Twenty-year-old John B. Mueller III was upstairs and apparently heard the commotion; he came to the top of the stairs. The gunman fired a single.32 caliber bullet which pierced Mueller's heart. He died a short time later.

The gunmen fled with money taken from cash registers and patrons. They entered a waiting car and sped off.

This incident as one in a series of similar robberies that occurred in the Harrisburg area. A subsequent robbery took place at the Fireside Bar in Carlisle. It resulted in the shooting death of a patron named Paul Liebold. Two days later one of the defendant's companions, Frank Martin, attempted to cash one of Liebold's checks. A suspicious teller kept the check and got the license number of the vehicle in which Martin was riding. He was subsequently arrested and identified in a lineup. Based on information received from Martin, police learned of the defendant and issued a warrant for his arrest. A search of an abandoned apartment which had been rented by a woman named Nellie Dixon, and which was said to be the defendant's residence, revealed two guns, at least one of which was used by the gunmen. The defendant was later arrested in Boston, Massachusetts.

During the trial the defendant's companions identified him as the person who shot and killed John Mueller III. The Commonwealth also introduced evidence of the other robberies committed by the gang as well as one of the guns found in the Dixon apartment. The court instructed the jury on the elements of first, second and third degree murder and on those of robbery. After several hours of deliberation they found the defendant guilty of both murder in the second degree and robbery. Defendant was sentenced to a term of life and two consecutive terms of ten (10) to twenty (20) years.

(Doc. 37, pp. 2-3) (taking facts from the decision of the Dauphin County Court of Common Pleas denying Petitioner's request for relief under the Post Conviction Hearing Act, dated April 4, 1983).[2] Judgments of sentence were affirmed on appeal. Commonwealth v. Box, 481 Pa. 62 (1978).

On December 6, 1979, Petitioner filed a petition for relief under the Post-Conviction

---

[2]Although Petitioner alleges that these facts depend upon fabricated evidence, see (Doc. 98, p. 3), the operative facts underlying the state conviction retain preclusive effect until set aside on appeal or by grant of writ of habeas corpus. See Beckwith v. Sherwood, 2001 U.S. Dist. LEXIS 24079, *10 (E.D. Pa. 2001) (citing Heck v. Humphrey, 512 U.S. 477 (1994)).

Hearing Act ("PCHA"),[3] alleging trial counsel's ineffectiveness "in failing to file a pre-trial

motion to suppress evidence and in failing to seek a charge to the jury on voluntary

manslaughter", and alleging that he was "denied a fair trial by the introduction of evidence of

unrelated offenses." Commonwealth v. Box, 451 A.2d 252, 254 (Pa. Super. 1982). On January

28, 1981, the petition was denied without a hearing. Id. On appeal, the Pennsylvania Superior

Court remanded the matter to the PCHA court to determine whether the admissibility of evidence

was waived. Id. at 255.

Following an evidentiary hearing, PCHA relief was denied on April 4, 1983.

Commonwealth v. Box, Nos. 965, 968 C.D. 1975 (Dauphin County Ct. C.P. April 4, 1983). The

PCHA court considered, and rejected, Petitioner's claims that trial counsel was ineffective in not

appealing the admission of the other robberies, in failing to request that the jury be instructed on

voluntary manslaughter, and for failing to seek suppression of evidence found in Dixon's

apartment. Id. The decision was affirmed by the Pennsylvania Superior Court on September 21,

1984.[4] Commonwealth v. Box, No. 199 Harrisburg 1983 (Pa. Super. September 21, 1984). On

August 21, 1985, the Pennsylvania Supreme Court granted Petitioner the right to file a nunc pro

tunc appeal.[5] Commonwealth v. Box, No. 171 M.D. All. Dkt. 1985 (Pa. August 21, 1985). But,

---

[3]The PCHA was later replaced by the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S. § 9541 et seq.

[4]The parties briefs list the date that the Pennsylvania Superior Court affirmed denial of PCHA relief as June 1, 1983. (Doc. 80, p. 3); (Doc. 94, p. 2). However, the exact date is irrelevant for purposes of this opinion.

[5]The parties state that Petitioner obtained permission from the Pennsylvania Supreme Court to file a nunc pro tunc appeal on September 20, 1985. (Doc. 80, p. 3); (Doc. 94, p. 2). Regardless, the exact date is not important for purposes of this opinion.

3

on October 6, 1986, the Pennsylvania Supreme Court denied the petition for allowance of appeal. Commonwealth v. Box, No. 171 M.D. All. Dkt. 1985 (Pa. October 6, 1986).

On December 2, 1986, Petitioner initiated the instant action by filing a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, alleging fifteen (15) separate claims of trial court error and the ineffective assistance of counsel. (Doc. 1). The habeas claims were addressed on the merits and denied by Memorandum and Order dated November 16, 1987. See (Doc. 37). The Third Circuit Court of Appeals affirmed. Box v. Petsock, 860 F.2d 1074 (3d Cir. 1988), cert. denied 489 U.S. 1028 (1989).

On January 5, 2006, Petitioner filed a pro se motion to reopen pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 52). The motion claimed that the Court misapplied the facts, and alleged fraud on the Court. (Doc. 52). This motion was dismissed as untimely on January 9, 2006. (Doc. 53). Petitioner took an appeal from this decision, but on April 21, 2006, the Third Circuit Court of Appeals denied his request for a certificate of appealability. Box v. Petsock, et al., App. No. 06-1353 (3d Cir. April 21, 2006). Additionally, the Third Circuit Court of Appeals denied his application for permission to file a second or successive section 2254 petition. In Re: Earl Eugene Box, App. No. 06-1554 (3d Cir. April 13, 2006).

On March 21, 2013, Petitioner filed a pro se motion under Rule 60(b) to reopen the judgment dated November 16, 1987, and a motion for leave to proceed in forma pauperis. (Docs. 57-58). Petitioner refiled his Rule 60(b) motion on April 2, 2013, along with supporting exhibits. (Doc. 59). On April 26, 2013, counsel entered his appearance on behalf of Petitioner and subsequently sought an extension of time to file an amended motion and memorandum of law. (Docs. 60-64). After receiving several extensions of time, see (Docs. 65, 67, 73-79),

4

Petitioner, through counsel, filed a supplemental motion to reopen judgment pursuant to Rule 60, and a consolidated brief on October 25, 2013.  (Doc. 80).  The motion seeks relief under Rule 60(b)(6) and (d)(3), "alleging extraordinary circumstances and significant fraud upon this court, which taints the judgment previously entered on November 16, 1987, and warrants reopening the matter so that it can be litigated properly."  (Id. at p. 18).  The motion claims that the change in the law brought by the United States Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012)[6], represents an "extraordinary" circumstance to justify relief under Rule 60(b)(6). (Doc. 80, p. 20).  Petitioner alleges the ineffective assistance of counsel at trial, on direct appeal, and at his first PCRA proceeding.  (Id. at p. 22).

Additionally, Petitioner claims that the judgment may be set aside pursuant to Rule 60(d)(3) for fraud on the court.  (Doc. 80, pp. 22-48).  Specifically, he alleges there was fraudulent testimony at trial concerning the discovery of the guns in Dixon's apartment.  (Id. at pp. 24-36).  He contends that the Commonwealth's answer to the PCHA petition also fraudulently represented the trial testimony.  (Id. at p. 32).  Petitioner claims that this fraud continued into the federal habeas proceedings because he had not yet obtained a copy of the transcript from a co-conspirator's trial and that the Commonwealth's answers were either deceptive or failed to directly answer Petitioner's allegations in his habeas petition.  (Id. at p. 34-36).  Next, he alleges that the trial transcript has been altered to omit certain testimony and events relating to Petitioner's alleged inculpatory and racist statement to Frank Martin, an alleged co-

---

[6]Martinez held, "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." Martinez, 132 S. Ct. at 1320.

conspirator. (Doc. 80, pp. 36-40). Petitioner asserts that his first PCHA counsel was ineffective in failing to litigate these issues. (Id. at pp. 33, 38). Petitioner further alleges that trial counsel fraudulently represented to the trial court that he had subpoenaed Leroy Willie Smith, an alleged co-conspirator who had been acquitted of charges. (Id. at pp. 41-43). Petitioner claims that this issue was raised in his habeas petition and overlooked by this Court. (Id. at pp. 43-44). The motion to reopen then alleges that the prosecution committed fraud on the trial court in its attempt to bolster the testimony of John Hyman. (Id. at pp. 44-46). Petitioner asserts that PCHA counsel was ineffective for failing to raise this issue. (Id.). Next, Petitioner argues that in his original habeas petition, he alleged that counsel was ineffective for failing to challenge the constitutionally insufficient arrest warrant, but that Respondents concealed the constitutionally deficient warrant by failing to provide the Court with a copy of the document or specifically answering this claim. (Id. at pp. 46-48). He contends that this Court relied solely on Detective Macon's testimony, which is allegedly contradicted by other testimony, in finding that the warrant was sufficient. (Id.). Additionally, Petitioner claims that he recently obtained a copy of the arrest warrant, but that it "is a sham" because it refers to scars on his face that he received while incarcerated. (Id. at p. 47). He alleges that trial counsel was ineffective in failing to challenge the warrant. (Id. at pp. 47-48). Finally, Petitioner argues that his motion should not be construed as a second or successive habeas petition, and that his claims should relate back to the original petition. (Id. at pp. 48-51).

On October 28, 2013, a show cause order was entered directing Respondents to file a responsive brief to the motion to include, inter alia, a discussion as to whether the decision in Martinez provides relief in this case where the original habeas petition was denied on the merits,

and whether the motion is timely. (Doc. 81), citing Silfies v. Walsh, 2013 U.S. Dist. LEXIS 84503 (M.D. Pa. 2013) (Kane, J.); Gagliardi v. Courter, 2011 U.S. Dist. LEXIS 16943, *6-7 (W.D. Pa. 2011).

On February 28, 2014, following the receipt of extensions of time, Respondents filed a brief in opposition to the motion. (Doc. 94). Respondents argue that Martinez is irrelevant and inapplicable to this case because the original habeas claims were not procedurally defaulted, and further, that Petitioner is using Martinez to subvert the rules governing successive habeas petitions. (Id. at pp. 10-16). Additionally, Respondents assert that Petitioner has failed to effectively allege that a fraud has been committed on the court. (Id. at pp. 16-21).

Petitioner filed a reply brief on April 4, 2014. (Doc. 98).

**Standards of Review**

**A.      Rule 60(b)**

"Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).  "Rule 60(b)(6) ... permits reopening when the movant shows 'any . . .

reason justifying relief from the operation of the judgment' other than the more specific

circumstances set out in Rules 60(b)(1)-(5)."  Gonzalez, 545 U.S. at 528-29, citing Liljeberg v.

Health Services Acquisition Corp., 486 U.S. 847, 863, n.11 (1988); Klapprott v. United States,

335 U.S. 601, 613 (1949).  A "movant seeking relief under Rule 60(b)(6) [must] show

'extraordinary circumstances' justifying the reopening of a final judgment."  Gonzalez, 545 U.S.

at 535.  "It is available where the party seeking relief demonstrates that 'extreme' and

'unexpected' hardship will result absent such relief."  Jackson v. Danberg, 656 F.3d 157, 165-66

(3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106, 119 (1932)).  The movant

bears a heavy burden of proof that extraordinary circumstances are present.  Bohus v. Beloff, 950

F.2d 919, 930 (3d Cir. 1991); United States v. Rota, 1999 U.S. Dist. LEXIS 562, *5 (E.D. Pa.

1999).

     A "motion under Rule 60(b) must be made within a reasonable time--and for reasons (1),

(2), and (3) no more than a year after the entry of the judgment or order or the date of the

proceeding."  FED. R. CIV. P. 60(c).  "What constitutes a 'reasonable time' depends on the

circumstances of each case" and "which Rule 60(b) clause a claimant is trying to avail."  In re

Diet Drugs Prod. Liab. Litig., 383 Fed. Appx. 242, 246 (3d Cir. 2010).  "A court considers many

factors, including finality, the reason for delay, the practical ability for the litigant to learn of the

grounds relied upon earlier, and potential prejudice to other parties."  Id.; Pridgen v. Shannon,

2013 U.S. Dist. LEXIS 40848, *5 (E.D. Pa. 2013).  "A motion under Rule 60(b)(6) filed more

than a year after final judgment is generally untimely unless 'extraordinary circumstances'

excuse the party's failure to proceed sooner."  Gordon v. Monoson, 239 Fed. Appx. 710, 713 (3d

Cir. 2007). "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented." Stradley v. Cortez, 518 F.2d 488, 493 (3d Cir. 1975). Furthermore, "the Court is powerless to extend the one year time limits imposed." Federal Deposit Ins. Co. v. Alker, 30 F.R.D. 527, 529 (E.D. Pa. 1962) (holding that the court "may not consider a motion for new trial under clauses (1), (2) and (3) of the Rule ... because the express terms of Rule 60(b) provide that a motion for new trial under these clauses may not be made more than one year after the judgment was entered"), affirmed by, 316 F.2d 236 (3d Cir. 1963).

### B.    Rule 60(d)(3)

In 2005, the Third Circuit Court of Appeals explained the standard to be applied to a motion to set aside judgment pursuant to Rule 60(d)(3) as follows:

> Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept. The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment. The presumption against the reopening of a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff-face to scale.
> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005) (internal citations omitted). "Thus fraud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge." United States v. Pelullo, 2011 U.S. Dist. LEXIS 80154, *51 (D.N.J. 2011) (citing Herring, 424 F. 3d at 386).

## C.    Successive Habeas Petitions

"[A] Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition." Gonzalez, 545 U.S. at 534. If a petitioner seeks to relitigate issues previously decided by the district court on habeas review or to pose new claims that would have been cognizable on federal habeas review, his Rule 60(b) motion will constitute a successive habeas petition. United States v. Medina, 2006 U.S. Dist. LEXIS 87936, *19 (E.D. Pa. 2006) (citing Pridgen v. Shannon, 380 F.3d 721, 726 (3d Cir. 2004). Similarly, when the Rule 60(b) motion seeks to attack the petitioner's underlying conviction, the motion should be treated as a second or successive habeas petition. Pridgen, 380 F.3d at 727.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) prohibits the filing in the district court of a second or successive habeas petition under section 2254 unless the petitioner has first obtained permission from the appropriate court of appeals." Edwards v. Palakovich, 2007 U.S. Dist. LEXIS 52185, *5 (M.D. Pa. 2007) (Caldwell, J.), citing 28 U.S.C. § 2244(b)(3)(A)[7]; Benchoff v. Colleran, 404 F.3d 812, 816 (3d Cir. 2005). "A petitioner must follow this procedure even if the first petition was filed before the AEDPA was enacted." Edwards, 2007 U.S. Dist. LEXIS 52185 at *6 (citing In re Minarik, 166 F.3d 591, 599 (3d Cir. 1999)). When a petitioner does not have authorization to file a second or successive petition under 28 U.S.C. § 2254, the district court does not have jurisdiction to consider it. See Burton v. Stewart, 549 U.S. 147, 152-57 (2007). "When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district

---

[7] 28 U.S.C. § 2244(b)(3)(A) states: "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002), cert. denied 540 U.S. 826 (2003).

However, a "Rule 60(b) motion is not, in effect, a habeas petition if the motion attacks a ruling on a non-merits basis." Brewington v. Klopotoski, 2012 U.S. Dist. LEXIS 44713, *8 (E.D. Pa. 2012) (citing Gonzalez, 545 U.S. at 532 n.4). "If neither the [Rule 60(b)] motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." Gonzalez, 545 U.S. at 533 (finding that a Rule 60(b)(6) motion alleging that the federal courts misapplied the statute of limitations fits this description); Horton v. Dragovich, 2010 U.S. Dist. LEXIS 109012, *3 (E.D. Pa. 2010) (concluding that where the petitioner "is only asking this court to vacate and reopen the ...final judgment/order denying his habeas corpus petition as procedurally barred... it is proper to review the motion because it is not the equivalent of a successive habeas petition").

A "Rule 60(d) motion is subject to the same successive petition restrictions that apply to Rule 60(b) motions." Mabry v. United States, 2012 U.S. Dist. LEXIS 123509, *2 (M.D. Pa. 2012) (Kane, J.).

## Discussion

### A.    Timeliness of Motion

Initially, it is determined that the motion to reopen pursuant to Rule 60(b), filed more than twenty-five (25) years after habeas relief was denied, is untimely.  See FED. R. CIV. P. 60(c) (requiring that a Rule 60(b) motion be filed "no more than a year after the entry of the judgment

or order"); Grande v. Patrick, 2011 U.S. Dist. LEXIS 765, *2-3 (W.D. Pa. 2011) (stating that the

Rule 60(b) motion, which alleged that the respondents fraudulently withheld transcripts from the

habeas court, appeared to be untimely when filed three (3) years after the habeas petition was

dismissed); Rainey v. Dist. Attorney's Office of Phila., 2009 U.S. Dist. LEXIS 115777, *20-21

(E.D. Pa. 2009) (finding that the Rule 60(b) motion, which alleged fraud on the federal habeas

court because the state withheld evidence, was untimely filed more than four (4) years after the

section 2254 petition was dismissed).  Petitioner's reliance on Martinez, which he argues is an

"extraordinary circumstance" under Rule 60(b)(6) justifying the delay, is unavailing. See Powell

v. Tennis, 2013 U.S. Dist. LEXIS 2524, *1-3 (M.D. Pa. 2013) (Conner, J.) (finding, inter alia,

that the petitioner's motion filed pursuant to Federal Rule of Civil Procedure 60(b)(2) and (6),

which challenged the 2006 denial of his habeas corpus petition in light of Martinez, was untimely

as the change in decisional law is not an "exceptional circumstance"). Accord Cox v. Horn,

2014 U.S. App. LEXIS 15207, *35 (3d Cir. 2014) (commenting on the "concededly timely filed

underlying motion").  He suggests that his Rule 60(b)(6) motion, filed within one-year of

Martinez, is timely because the AEDPA permits claims to be brought within one-year of newly

announced retroactive constitutional holdings. (Doc. 98, p. 10). This AEDPA provision applies

to habeas corpus petitions, however, not to Rule 60(b) motions. See 28 U.S.C. § 2244(d)(1)(C).

Furthermore, "the Court in Martinez was clear that it was not creating a new constitutional rule."

Printup v. Commonwealth, 2013 U.S. Dist. LEXIS 71313, *18 (M.D. Pa. 2013) (Schwab, M.J.),

adopted by 2013 U.S. Dist. LEXIS 68167 (M.D. Pa. 2013) (Caldwell, J.); Young v. Lamas, 2013

U.S. Dist. LEXIS 59407, *13-14 (E.D. Pa. 2013) ("Martinez does not provide Petitioner with a

rule that provides an alternative AEDPA start date under Section 2244(d)(1)(C), because the

12

Court's holding did not create a newly recognized constitutional right. Rather, the Court's holding was limited to an equitable decision" and "Petitioner cannot rely on <u>Martinez</u> for relief under 28 U.S.C. § 2244(d)(1)(C).") (internal citations omitted). Moreover, as will be explained herein, the <u>Martinez</u> decision is not applicable to Petitioner's situation. <u>See House v. Warden, Sci-Mahanoy</u>, 2013 U.S. Dist. LEXIS 19132, *10-11 (M.D. Pa. 2013) (Kosik, J.) (finding that <u>Martinez</u> did not apply because the only claim found to be procedurally defaulted was not a challenge to the effectiveness of PCRA counsel in failing to raise an issue of trial counsel's ineffectiveness).

Additionally, Petitioner contends that his fraud allegations are brought pursuant to Rule 60(d) and are therefore not subject to the time limitations of subsection (b). <u>See</u> (Doc. 98, pp. 10-12). However, as will be discussed in greater detail below, despite Petitioner's reference to Rule 60(d), his fraud allegations fall under Rule 60(b)(3) and had to be raised by November 17, 1988. <u>See Gagliardi</u>, 2011 U.S. Dist. LEXIS 16943 at *6-7 (explaining that fraud on the court under Rule 60(d)(3) is reserved for egregious conduct and is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations). Except perhaps for the argument that the arrest "warrant is a sham," essentially each of the claims raised in the instant motion were also brought in the initial Rule 60(b) motion filed on January 5, 2006. <u>Compare</u> (Doc. 52), <u>with</u> (Doc. 80). That motion, filed more than eighteen (18) years after the habeas petition was denied, was dismissed as untimely. (Doc. 53). The Third Circuit Court of Appeals denied Petitioner's request for a certificate of appealability from that decision. <u>See Box</u>, App. No. 06-1353. Consequently, the instant motion, filed after more than another nine (9) years

13

have elapsed, is also untimely. See United States v. Dixon, 171 Fed. Appx. 403, 404 (3d Cir.

2006) (stating that "[i]n light of the decision in Dixon's previous appeal, the District Court had

little choice but to deny Dixon's motion" filed under Rule 60(b) challenging the denial of his

prior Rule 60(b) motion).

It is therefore concluded that the instant motion is untimely. Regardless, it will be

addressed on the merits.

### B.    Rule 60(b) and Martinez

Petitioner claims that Martinez is an "extraordinary circumstance" under Rule 60(b)(6).

See (Doc. 80). He argues that in light of the fact that his conviction predated Grant[8] and he was

represented on direct appeal by trial counsel, his situation is covered by Martinez pursuant to

Trevino. (Doc. 80, p. 20), citing Trevino v. Thaler, 133 S. Ct. 1911 (2013) (applying Martinez to

cases where the defendant was not limited to bringing ineffective assistance of trial counsel

claims on collateral review, but could also assert them on direct appeal). He alleges that because

his ineffective assistance of trial counsel claims were "given short shrift and an inadequate

hearing on collateral review, as the direct result of ineffective performance by attorneys on

collateral review and ... fraud on the court," Martinez is "just the kind of 'extraordinary'

circumstance needed to justify Rule 60(b)(6) relief." (Doc. 80, p. 20). Additionally, he claims

that "Martinez side-stepped the issue of whether there is a freestanding constitutional right to

effective assistance of counsel in 'initial-review collateral proceedings.'" (Id.). He cites a

_____

[8]Commonwealth v. Grant, 813 A.2d 726 (Pa. 2003) (announcing a new rule that "a
petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral
review"). But see Cox v. Horn, 2014 U.S. App. LEXIS 15207, *33 n.8 (3d Cir. 2014) ("We do
not decide whether, as a general matter, Pennsylvania's pre-Grant legal landscape falls within the
ambit of the Martinez rule.").

decision of the Eastern District of Missouri that rejected the Fifth Circuit's holding that Martinez

does not constitute an "extraordinary circumstance" warranting relief under Rule 60(b)(6), and

instead followed the Ninth Circuit's reasoning which, although denying the Rule 60(b) motion,

first applied the six-factor test developed in Phelps v. Alameida, 569 F.3d 1120 (9th Cir. 2009).

(Doc. 80, p. 21), citing Barnett v. Roper, 941 F. Supp. 2d 1099, 1111 (E.D. Mo. 2013)

(discussing Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012) and Lopez v. Ryan, 678 F.3d 1131

(9th Cir. 2012)). Petitioner, relying in part on his allegations of fraud, contends that the

standards enunciated in Lopez favor reopening his habeas petition. (Doc. 80, p. 22).

Until recently, it appeared that the courts in this Circuit had adopted the approach taken

by the Fifth Circuit in Adams, 679 F.3d 312. See Stroll v. Johnson, et al., No. 3:00-cv-1959

(M.D. Pa. February 22, 2013) (Conaboy, J.) (denying the petitioner's motion to reopen his habeas

corpus proceedings, stating that "the Martinez decision is simply a change in decisional law

which does not warrant relief under Rule 60(b)" and citing Adams, 679 F.3d 312), cert. denied

2013 U.S. App. LEXIS 23570, *1 (3d Cir. 2013) (denying the petitioner's request for a certificate

of appealability, concluding that he had "failed to show that jurists of reason would find the

District Court's decision denying his Rule 60(b) motion to be debatable or wrong [because]

Martinez ...does not provide a basis for relief under Rule 60(b)," and citing Adams, 679 F.3d

312), cert. denied 134 S. Ct. 687 (2013); House, 2013 U.S. Dist. LEXIS 19132 at *10 ("This

court is persuaded by the Fifth Circuit's reasoning and joins other courts in holding that Martinez

does not alone constitute an 'extraordinary circumstance' warranting relief under Rule

60(b)(6)."); Johnson v. Vaughn, 2013 U.S. Dist. LEXIS 165171, *23 (E.D. Pa. 2013) (stating,

"this court as well as other district courts in the Third Circuit have relied on the Fifth Circuit's

15

ruling in Adams v. Thaler, 679 F.3d 312 (5th Cir. 2012), to find that Martinez does not constitute

an extraordinary circumstance"); Bender v. Wynder, 2013 U.S. Dist. LEXIS 99221, *6-7 (W,D.

Pa. 2013) (agreeing with the Fifth Circuit's "finding that Martinez does not present extraordinary

circumstances justifying reopening of habeas proceedings under Rule 60(b)"); Vogt v. Coleman,

2012 U.S. Dist. LEXIS 99767, *9-11 (W.D. Pa. 2012) (agreeing with the Fifth Circuit "that 'the

Martinez decision is simply a change in decisional law and is not the kind of extraordinary

circumstance that warrants relief under Rule 60(b)(6)'" and citing Adams, 679 F.3d at 320).

However, on August 7, 2014, the Third Circuit Court of Appeals determined that "Adams does

not square with our approach to Rule 60(b)(6)." Cox v. Horn, 2014 U.S. App. LEXIS 15207,

*20 (3d Cir. 2014). The Cox court explained that the " Fifth Circuit in Adams ended its analysis

after determining that Martinez's change in the law was an insufficient basis for 60(b)(6) relief

and did not consider ... any other factor ... or reasons for granting 60(b)(6) relief." Id. at *21-22.

Rejecting this approach, Cox held:

> We have not taken that route. Instead, we have long employed a flexible,
> multifactor approach to Rule 60(b)(6) motions, including those built upon a
> post-judgment change in the law, that takes into account all the particulars of a
> movant's case. The fundamental point of 60(b) is that it provides 'a grand
> reservoir of equitable power to do justice in a particular case.' A movant, of
> course, bears the burden of establishing entitlement to such equitable relief,
> which, again, will be granted only under extraordinary circumstances. But a
> district court must consider the full measure of any properly presented facts and
> circumstances attendant to the movant's request.

Cox, 2014 U.S. App. LEXIS 15207 at *22-23 (internal citations omitted).  In remanding the

matter for further consideration, the Cox court made several observations to aid in the District

Court's review.  See id. at *35 (concluding that the same decision may be reached on remand, but

that a more comprehensive analysis was appropriate).  First, it agreed that "Martinez, without

more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." Id. at *29. The Court also cautioned that "the merits of a petitioner's underlying ineffective assistance of counsel claim can affect whether relief based on Martinez is warranted." Id. at *30-31 ("A court need not provide a remedy under 60(b)(6) for claims of dubious merit that only weakly establish ineffective assistance by trial or post-conviction counsel."). Next, Cox stated that "courts must heed the Supreme Court's observation—whether descriptive or prescriptive—that Rule 60(b)(6) relief in the habeas context, especially based on a change in federal procedural law, will be rare." Id. at *33 (citing Gonzalez, 545 U.S. at 535-36 & n.9). Additionally, "[c]onsiderations of repose and finality become stronger the longer a decision has been settled;" therefore, "a district court reviewing a habeas petitioner's 60(b)(6) motion may consider whether the conviction and initial federal habeas proceeding were only recently completed or ended years ago." Id. at *33-34 (noting that the petitioner's "direct appeal was decided in 1996 and his initial habeas petition, in which his claims were deemed defaulted, was dismissed in 2004, eight years before Martinez"). "A movant's diligence in pursuing review of his ineffective assistance claims is also an important factor." Id. at *34.

Accordingly, in deciding whether to grant the instant Rule 60(b)(6) motion, this Court will conduct an "equitable evaluation" that includes, inter alia, consideration of Petitioner's allegations of fraud.[9] See Cox, 2014 U.S. App. LEXIS 15207 at *28. Initially, it is noted that "Martinez's change of law to the federal rules of procedural default," see id. at *29, does not apply in this case because the underlying ineffectiveness claims were considered on the merits in the habeas proceedings. See (Doc. 37). The concern that the "fundamental constitutional claims

---

[9]A more detailed discussion of each allegation is given below.

receive review by at least one court," has therefore been satisfied. See Cox, 2014 U.S. App. LEXIS 15207 at *28. Significantly, these claims were found to be without merit. (Doc. 37). Another factor for consideration is that the habeas corpus petition, which challenged Petitioner's state court conviction from 1975, was denied in 1987, more than twenty-five (25) years before the instant motion was filed. Principles of finality and comity weigh against disturbing those judgments. See Cox, 2014 U.S. App. LEXIS 15207 at *33. Also, this is Petitioner's second Rule 60(b) motion raising many of the same fraud allegations. The first motion was denied in 2006, more than seven (7) years before his second motion to reopen was brought. The most significant change in that time was the Supreme Court's decision in Martinez, which does not apply here and "without more, does not entitle a habeas petitioner to Rule 60(b)(6) relief." Cox, 2014 U.S. App. LEXIS 15207 at *29. Also relevant in the instant analysis is the fact that the Third Circuit Court of Appeals not only denied a certificate of appealability from the 2006 dismissal order, but it also denied Petitioner's separate application for permission to file a second or successive section 2254 petition. See Box, App. No. 06-1353; In Re: Earl Eugene Box, App. No. 06-1554. After considering the equitable factors of this case,[10] in addition to Martinez, as instructed by the Third Circuit Court of Appeals in Cox, it is determined that Petitioner has failed to satisfy his burden of proving extraordinary circumstances to justify granting relief. The motion to reopen pursuant to Rule 60(b)(6) will be denied.

---

[10]In light of Cox, it is unnecessary to address Petitioner's argument that "the categorical denial of Rule 60(b) relief on the basis of Martinez has clearly been called into question by both the United States Supreme Court and the Third Circuit" in light of the decision to remand the case of Richardson v. Piazza, No. 2:07-cv-2065 (E.D. Pa. Jan. 20, 2010), to the District Court for consideration of whether PCRA counsel's ineffectiveness constitutes cause to excuse the procedural default. See (Doc. 98, pp. 9-10).

Moreover, as mentioned above, Petitioner's reliance on <u>Martinez</u> is misplaced because his habeas corpus petition was dismissed on the merits, not on procedural default grounds. <u>See</u> <u>Silfies</u>, 2013 U.S. Dist. LEXIS 84503 (concluding that because the federal habeas petition was denied on the merits, <u>Martinez</u> is inapplicable);[11] <u>House</u>, 2013 U.S. Dist. LEXIS 19132 at *10-11 (holding that even if <u>Martinez</u> constituted an "extraordinary circumstance" warranting relief, it would be unavailing because the only claim found to be procedurally defaulted was not a challenge to the effectiveness of PCRA counsel in failing to raise an issue of trial counsel's ineffectiveness). Regardless of whether PCRA counsel abandoned viable claims and was ineffective in this regard, <u>see</u> (Doc. 98, pp. 6-7), because such issues were not raised in the habeas corpus petition, <u>Martinez</u> does not offer relief. <u>See</u> <u>Johnson</u>, 2013 U.S. Dist. LEXIS 106923 at *4-5; <u>Boyd v. Rozum</u>, 2012 U.S. Dist. LEXIS 118242, *4-5 (W.D. Pa. 2012) (finding that <u>Martinez</u> "would not be an appropriate manner by which to overcome the procedural default" of PCRA counsel because the petitioner did not raise claims of trial counsel's ineffectiveness in his habeas petition, and denying relief under Rule 60(b)). Neither <u>Trevino</u> nor <u>Martinez</u> offer the relief Petitioner seeks. <u>See</u> <u>Garcia v. Varner</u>, 2014 U.S. Dist. LEXIS 83341, *8 (E.D. Pa. 2014) (stating that "<u>Trevino v. Thaler</u>, and the other cases Garcia discuss concerning

---

[11]Petitioner attempts to distinguish <u>Silfies</u> and <u>Vogt</u> based on his allegations of fraud. <u>See</u> (Doc. 98, p. 9). To the extent these cases can be distinguished because they followed the Fifth Circuit's approach to <u>Martinez</u>, this issue has been addressed in the discussion of <u>Cox</u> above. But, as seen in the case at hand, these courts also concluded that <u>Martinez</u> was inapplicable because the underlying habeas petitions were not denied on procedural default grounds. <u>See</u> <u>Silfies</u>, 2013 U.S. Dist. LEXIS 84503 at *8 (concluding that the only habeas claim raising ineffective assistance of trial counsel was considered and rejected on its merits, such that "[t]here was no procedural default that prevented a resolution of his claim on the merits such that <u>Martinez</u> would even be applicable"); <u>Vogt</u>, 2012 U.S. Dist. LEXIS 99767 at *10 (stating that nothing in <u>Martinez</u> is applicable to the petitioner's situation because "consideration of Petitioner's habeas petition was limited to the threshold issue of timeliness").

procedural default, including <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) and <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012), have no application here" because the dismissal of his "§ 2254 petition was not based, to any extent, on procedural default grounds").

As to Petitioner's claim that "<u>Martinez</u> side-stepped the issue of whether there is a freestanding constitutional right to effective assistance of counsel in 'initial-review collateral proceedings,'" the United States Supreme Court has already ruled on this issue and determined that there is not.  <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.") (internal citations omitted); <u>Moore v. Diguglielmo</u>, 489 Fed. Appx. 618, 627 (3d Cir. 2012) (stating that the <u>Martinez</u> "Court left standing ... its long-established principle that there is no right to counsel in post-conviction collateral proceedings").  To the extent <u>Martinez</u> created an exception to <u>Coleman</u>, that exception is "narrow" and has no application here as Petitioner's habeas claims were not dismissed as procedurally defaulted.  <u>Martinez</u>, 132 S. Ct. at 1320 ("The rule of <u>Coleman</u> governs in all but the limited circumstances recognized here.").  Furthermore, "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(i).  <u>See also</u> <u>Martinez</u>, 132 S. Ct. at 1320 (explaining that "cause" for a procedural default "is not synonymous with 'a ground for relief'"); <u>Paulino v. Balicki</u>, 2014 U.S. Dist. LEXIS 5692, *33-35 (D.N.J. 2014) (explaining that "Section 2254 explicitly excludes from the scope of federal habeas relief a claim based upon ineffective assistance of PCR counsel", and

that the petitioner's reliance on Martinez was misplaced because the rule adopted therein does

not apply to the ineffectiveness of PCRA counsel).

Furthermore, in light of the fact that the Third Circuit Court of Appeals denied

Petitioner's request for a certificate of appealability from the Order denying habeas relief and

from the Order finding his original Rule 60(b) motion untimely, see (Docs. 45); Box, App. No.

06-1353, and the fact that Martinez is not alone an "exceptional circumstance," this Court cannot

grant relief on any claims that were, or could have been, raised at those times. See United States

v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Cooper, 2008 U.S. Dist. LEXIS 6851 at *3-4 n.1

(concluding that where the petitioner appealed the District Court's denial of his section 2255

motion and the Third Circuit denied his request for a certificate of appealability, it could not then

grant the relief that the Court of Appeals declined to grant).  The Third Circuit Court of Appeals

"has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts

are 'without jurisdiction to alter the mandate of this court on the basis of matters included or

includable in [the party's] prior appeal."  Bernheim v. Jacobs, 144 Fed. Appx. 218, 222 (3d Cir.

2005) (citing Standard Oil v. United States, 429 U.S. 17 (1976); Seese v. Volkswagenwerk,

A.G., 679 F.2d 336 (3d Cir. 1982)); see also Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)

(holding "that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal

error, without more, cannot justify granting a Rule 60(b) motion").  The courts "distinguish

between a Rule 60(b) motion based on matters that were before the court on appeal, which may

not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that

come to light after the appellate court has issued a decision, which properly may be reviewed by

the district court."  Id.; see also United States v. Cooper, 2008 U.S. Dist. LEXIS 6851, *3-4 n.1

(W.D. Pa. 2008) (stating that a district "court cannot grant relief under Rule 60(b)(6) if the party could have reasonably sought the same relief by means of an appeal"). Further, a Rule 60(b) motion may not be used as a "second bite at the apple." See Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995). It "is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Walsh v. Krantz, 2009 U.S. Dist. LEXIS 21525, *2 n.1 (M.D. Pa. 2009) (Conner, J.) (quoting Abu-Jamal v. Horn, 2001 U.S. Dist. LEXIS 20813, *35 (E.D. Pa. 2001)).

In sum, Rule 60(b) offers no relief. The motion to reopen pursuant to Rule 60(b) will therefore be denied.

### B.  Fraud Allegations[12] and Rule 60(d)(3)

Petitioner states that he does not rely solely on Martinez and Rule 60(b) for relief; rather, he asserts that his motion to alter judgment may also be granted pursuant to Rule 60(d)(3) for fraud on the court. (Doc. 80, p. 22) (citing Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)). Because there is no time limit on motions brought pursuant to Rule 60(d)(3), each allegation of fraud will be considered.

Petitioner makes a number of allegations of fraud on the trial court and on the PCRA court, see (Doc. 80, pp. 24-36,[13] 41-46); however, such allegations are not cognizable under Rule

---

[12]These claims will each be addressed; however, the next section of this Memorandum discusses whether the issues are more properly raised under 28 U.S.C. § 2254 and are successive.

[13]Curiously, Petitioner alleges that he did not have access to the Brown trial transcript until May of 2007, which he claims "demonstrates the fraudulent intent of the prosecutor in procuring such gravely disparate stories for use in these various trials." (Doc. 80, pp. 29-30). However, in the Rule 60(b) motion filed in 2006, Petitioner refers to "pages 130-151 of Jerome Brown's trial transcript." (Doc. 52, p. 6).

60(d)(3).  See Reardon v. Leason, 465 Fed. Appx. 208, 210 (3d Cir. 2012) (holding that the petitioner could not use Rule 60(d)(3) to allege fraud upon the state court in the underlying criminal proceeding).  These claims may not be raised under subsection (b) either; rather, allegations that the trial was polluted by fraud must be raised under 28 U.S.C. § 2254.  See United States v. Bush, 457 Fed. Appx. 94, 96 (3d Cir. 2012) (finding that the Rule 60(b)(6) "motion is a clear attack on [Bush's] original conviction, as he alleges that his trial was polluted by fraud and conspiracy. He must therefore proceed under § 2255, which—at this stage—would require that permission to do so be granted by this Court.").  His allegations of PCRA counsel's ineffectiveness for failing to raise such issues, see (Doc. 80, pp. 31-34, 38-39, 43, 45-48), are also not properly before this Court.[14]  See 28 U.S.C. § 2254(i).

As to Petitioner's argument that fraudulent testimony regarding discovery of the guns infected the habeas proceedings, see (Doc. 80, pp. 34-36); (Doc. 98, p. 13), the allegations of fraud do not rise to the level of egregious conduct contemplated by Rule 60(d)(3).  See Pelullo, 2011 U.S. Dist. LEXIS 80154 at *51 ("Thus fraud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge."), citing Herring, 424 F. 3d at 386).  Petitioner's claim that Respondent failed to directly answer, or deceptively answered, his allegations regarding the testimony of Detective Macon and Detective Ulrich, or to admit that a Commonwealth witness allegedly established his residency at the Penn Photo Apartment is the type of fraud covered by Rule 60(b)(3), not subsection (d).  See Gagliardi, 2011 U.S. Dist. LEXIS 16943 at *6-7 ("[T]he type of

---

[14]To the extent such claims might establish cause to excuse any procedural default, this issue was addressed above.

fraud covered by Rule 60(b)(3) ... includes misrepresentations or misconduct by opposing parties or counsel in a case.").

Next, Petitioner claims that Respondents failed to address his habeas allegations regarding tampering with the trial transcript surrounding inculpatory, racist statements. See (Doc. 80, pp. 39-40), citing (Doc. 1, ¶ 12 (D), (K); (Doc. 22). However, he did not allege in his habeas petition that the transcript was altered; rather, he complained that the witness's statement was prejudicial and irrelevant, and that trial counsel was ineffective for failing to object to the prosecutor's allegedly inflammatory remark during closing. See (Doc. 1, ¶ 12 (D), (K)). Accordingly, Respondents could not "side-step" a claim that was not presented, a Rule 60(b) motion is inappropriate, and there was no fraud upon this Court. See Gillespie v. Janey, 527 Fed. Appx. 120, 122 (3d Cir. 2013) (discussing "the demanding standard of proof required to demonstrate fraud upon the court"); Bhatnagar, 52 F.3d at 1231 (stating that Rule 60(b) may not be used to get a "second bite at the apple").

The motion to reopen complains that trial counsel fraudulently represented to the trial court that he had subpoenaed Leroy Smith, an alleged co-conspirator who had been acquitted of the charges, that Petitioner alleged in his original habeas petition that PCRA counsel was ineffective in not identifying this issue for collateral review, and that this Court overlooked the issue by focusing on other witnesses Petitioner also wanted to have testify. See (Doc. 80, pp. 41-44); (Doc. 98, p. 14). Despite Petitioner's contention that he raised this issue in the habeas corpus petition, review of that document reveals that he did not. See (Doc. 1). Furthermore, the motion to reopen states that Petitioner did not discover that no subpoena had been issued for Mr. Smith until sometime in 2002, more than fifteen (15) years after the habeas petition was filed.

(Doc. 80, p. 43). To suggest that this Court overlooked an issue that was not raised in the habeas corpus petition, or known at the time of the initial habeas proceedings, is frivolous. To the extent that the information obtained in 2002 may have constituted after-discovered fraud, it is again noted that Rule 60(d)(3) may not be used to allege fraud upon the state trial court. See Bush, 457 Fed. Appx. at 96; Reardon, 465 Fed. Appx. at 210. Further, Petitioner waited more than three (3) years to raise the issue in a Rule 60(b) motion, which was not a reasonable time. See Wyatt v. Diguglielmo, 2008 U.S. Dist. LEXIS 55076, *14 (E.D. Pa. 2008) (dismissing the Rule 60(b)(6) motion as untimely when filed "almost two years after he obtained the allegedly newly discovered evidence").

Petitioner also argues that in seeking habeas relief, he alleged counsel's ineffectiveness for failing to challenge the arrest warrant, but that Respondents concealed the deficient warrant by failing to provide the Court with a copy and by not specifically answering his claim. (Doc. 80, pp. 46-48); (Doc. 98, p. 15). He asserts that this Court's finding that the warrant was sufficient is problematic as it was based on the incredible testimony of Detective Macon. (Id.). Petitioner claims that he recently obtained a copy of the arrest warrant, but that it "is a sham" because it refers to scars on Petitioner's face that he received while incarcerated. (Id. at p. 47). He argues that the fraud perpetrated by Detective Macon's testimony is sufficient to grant relief under Rule 60(b). (Id. at pp. 47-48).

Whether viewed under Rule 60(b) or Rule 60(d), these claims are unpersuasive. Considering them first under Rule 60(b), it is determined that the allegations regarding Detective Macon's testimony were raised in the first Rule 60(b) motion, see (Doc. 52, pp. 7-8), and will be dismissed for the reasons previously given. To the extent Petitioner relies on a "newly

discovered" copy of the arrest warrant which he claims "is a sham," the Rule 60(b) motion will be dismissed as a successive habeas petition, as will be discussed in greater detail below. See Gonzalez, 545 U.S. at 532. After evaluation of the claim under Rule 60(d), it is concluded that Petitioner has failed to meet his burden of proof. See Herring, 424 F.3d at 390 (requiring, inter alia, that the "intentional fraud" "in fact deceives the court"). Significantly, the decision denying habeas relief was not based on the allegedly fraudulent warrant because it was not provided to the Court, nor was the decision entirely dependent on the testimony of Detective Macon. See id. Rather, the Memorandum and Order denying the habeas corpus petition stated that "even if there were no probable cause to support the arrest warrant, petitioner has failed to claim, and this court is unable to find, any prejudice resulting from the arrest itself. For example, petitioner does not claim that a confession or some other incriminating evidence was obtained while he was under arrest." (Doc. 37, p. 14 n.3). Although Petitioner, in his reply brief, now alleges that he was prejudiced by the invalid arrest warrant because it was used by the police to approach Mr. Kleinfelter and obtain access to Nellie Dixon's apartment, see (Doc. 98, p. 15 n.4), even assuming arguendo that the warrant was invalid and that it tainted the search of Ms. Dixon's apartment, Petitioner had no standing to challenge the allegedly unconstitutional search. See (Doc. 37, pp. 8-12). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128, 134 (1978). See also United States v. Livingston, 2010 U.S. Dist. LEXIS 42399, *28 (M.D. Pa. 2010) (Conner, J.) (finding that even if the defendant's mother did not consent to the seizure of a laptop, the defendant did not have a reasonable expectation of privacy in his mother's home

26

and he could not complain about the acquisition of property therefrom). Therefore, Petitioner

was not prejudiced by the use of the allegedly invalid warrant. Furthermore, "[a]n illegal arrest,

without more, has never been viewed as a bar to subsequent prosecution, nor as a defense to a

valid conviction." United States v. Crews, 445 U.S. 463, 474 (1980) (holding, "Respondent is

not himself a suppressible 'fruit'"). A "conviction may not be overturned simply because the

defendant was illegally arrested." United States v. Riggins, 319 Fed. Appx. 180, 182 (3d Cir.

2009). Contrary to his contention, Petitioner has not demonstrated prejudice, or that an

"'extreme' and 'unexpected' hardship will result" if his motion to reopen is not granted. See

Jackson, 656 F.3d at 165-66.

### C.      Successive Habeas Petition

Petitioner argues that his Rule 60(b) motion should not be construed as a second or

successive habeas petition because he has "alleged in addition to the advent of the Martinez

opinion, a number of circumstances that clearly amount to a fraud on this Court, and therefore

warrant reopening of the judgment so that proceeding untainted by the fraud may be completed."

(Doc. 80, pp. 48-50).

"When a motion is filed in a habeas case under a Rule 60(b) or 60(d) label, the district

court must initially determine whether the motion is actually a 'second or successive' habeas

petition within the meaning of § 2244(b)." Davenport v. Brooks, 2014 U.S. Dist. LEXIS 51047,

*10-11 (E.D. Pa. 2014), citing Gonzalez v. Crosby, 545 U.S. 524, 530 (U.S. 2005); Benchoff v.

Colleran, 404 F.3d 812, 817 (3d Cir. 2005). "The Martinez decision did not alter the applicable

rules regarding second or successive habeas applications and, more importantly, determining if

Martinez triggers the § 2244(b)(2)(A) 'new rule of constitutional law' exception to the second or

successive bar is an issue for the Third Circuit Court of Appeals, not this Court." Gibbs v. Delaware, 2014 U.S. Dist. LEXIS 46329, *3 (D. Del. 2014) (determining that to "the extent Petitioner's citation to Martinez v. Ryan, 132 S.Ct. 1309, 182 L. Ed. 2d 272 (2012) should be liberally construed as his attempt to avoid the second or successive bar, it is unavailing").

As explained herein, the majority of Petitioner's fraud allegations, which he combines with arguments regarding the ineffectiveness of trial and PCRA counsel, relate to alleged frauds perpetrated on the state courts. Such claims seek to challenge the underlying criminal proceedings and not this Court's decision denying habeas relief. In this regard, the motion to reopen is properly construed as a second or successive habeas petition. See Hardaway v. United States, 2013 U.S. Dist. LEXIS 15405, *5-6 (M.D. Pa. 2013) (Caputo, J.) (holding that although the motion was styled as one pursuant to Rule 60(d)(3), because the petitioner claimed that the "prosecutor in his criminal case committed a fraud on the court by withholding and overstating evidence against him, ... he is required to pursue such relief through a petition filed pursuant to 28 U.S.C. § 2255"); Mabry v. United States, 2012 U.S. Dist. LEXIS 123509, *3-4 (M.D. Pa. 2012) (Kane, J.) (Because the Rule 60 motion "does not challenge the procedures surrounding the disposition of Petitioner's original habeas petition — but, rather, challenges the circumstances underlying Petitioner's conviction — the motion is a successive Section 2255 petition that this Court lacks jurisdiction to consider. Petitioner, therefore, must seek permission from the Third Circuit to file the motion.") (internal citations omitted).

To the extent the instant motion attempts to raise new allegations of ineffectiveness decades after habeas relief was denied, the motion again must be construed as a successive

section 2254 petition and cannot be considered by this Court.[15]  See Johnson v. Phelps, 2013 U.S.

Dist. LEXIS 106923, *4-5 (D. Del. 2013) (concluding that the petitioner's Rule 60(b) motion,

which " contends that the court should reopen his case pursuant to Martinez [] to enable him to

present ineffective assistance of counsel arguments that he did not raise in his § 2254 petition",

was a second or successive § 2254 petition filed without permission from the Third Circuit Court

of Appeals and had to be dismissed).  The rules on successive petitions also prohibit

consideration of new claims or new evidence, such as the alleged "sham" arrest warrant, to

support the Rule 60 motion.  See Gonzalez, 545 U.S. at 532 (explaining that whether the Rule

60(b) motion presents a new claim for relief or new evidence in support of a claim already

litigated, "use of Rule 60(b) would impermissibly circumvent the requirement that a successive

habeas petition be precertified by the court of appeals as falling within an exception to the

successive-petition bar") (citing 28 U.S.C. § 2244(b)(3)).

Petitioner asserts that "it must be remembered that [his] first habeas petition was litigated

and concluded prior to the United States Supreme Court even deciding Coleman v. Thompson,

501 U.S. 722 (1991)."  (Doc. 98, p. 8) (citing In re Minarik, 166 F.3d 591).  In the case he cites,

the Third Circuit Court of Appeals stated:

> We hold that anyone seeking to file a second or successive petition under 18
> U.S.C. § 2254 after April 24, 1996, must move in the appropriate Court of
> Appeals for an order authorizing the District Court to consider the application.
> When such a motion is filed by a petitioner whose previous petition was filed
> before that date, the Court of Appeals must apply the substantive gatekeeping
> standards of 28 U.S.C. § 2244(b) as amended by AEDPA unless such application
> would bar a second or successive petition that could have been considered by the
> District Court under the law existing at the time the previous petition was filed.

---

[15]Because this Court is without jurisdiction to consider these claims, Respondents'
argument that they lack merit will not be addressed.  See (Doc. 94, p. 11).

In re Minarik, 166 F.3d at 609.  Accordingly, it is for the Court of Appeals, not the District

Court, to decide whether the AEDPA's stringent standards for successive habeas petitions should

be applied.  Id.  Notably, the Third Circuit Court of Appeals previously denied Petitioner's

request for a certificate of appealability in 2006, years after the decision in Coleman.  See Box,

App. No. 06-1353.  In the absence of permission from the Court of Appeals to file a successive

petition, this Court is without jurisdiction to entertain any claims that must be raised under

section 2254.  See Burton, 549 U.S. at 152 (holding that where a second or successive habeas

petition is filed without authorization from the court of appeals, the district court does not have

jurisdiction to consider it); Suber v. Kerestes, 2012 U.S. Dist. LEXIS 128335, *2 (W.D. Pa.

2012) (deciding that the "Motion filed pursuant to Rule 60(b) is really a second or successive

Petition for Writ of Habeas Corpus and must be denied for lack of subject matter jurisdiction").

### D. **Rule 15**

Petitioner's argument that his claims, and any amendments, should relate back to the

original petition, see (Doc. 80, pp. 50-51); (Doc. 98, p. 10 n.2), is rejected.  The Third Circuit

Court of Appeals has explained that:

> [u]nder Fed. R. Civ. P. 15(c), an amendment which, by way of additional facts,
> clarifies or amplifies a claim or theory in the petition may, in the District Court's
> discretion, relate back to the date of that petition if and only if the petition was
> timely filed and the proposed amendment does not seek to add a new claim or to
> insert a new theory into the case.

United States v. Thomas, 221 F.3d 430, 431 (3d Cir. 2000).  As discussed herein, the Rule 60

fraud allegations were previously dismissed as untimely such that Rule 15 does not allow an

amendment.  See id. ("...if and only if the petition was timely filed...").  As to Petitioner's

reliance on the allegedly recently obtained "sham" arrest warrant, this issue has been analyzed

30

and denied on its merits.  To the extent he seeks to bring alternative theories of ineffective assistance of counsel, such amendments represent "new" claims.  See United States v. Duffus, 174 F.3d 333, 337 (3d Cir. 1999) (finding that "while Duffus asserted in his initial motion that his attorney had been ineffective, the particular claim with respect to failing to move to suppress evidence was completely new. Thus, the amendment could not be deemed timely under the 'relation back' provisions of Fed. R. Civ. P. 15(c)").  Consequently, Rule 15 cannot save his motion to reopen from being untimely or from being construed, in part, as a successive habeas petition.

**Certificate of Appealability**

To the extent Petitioner's motion is construed as a successive petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, a certificate of appealability will not be issued.  Where a motion is dismissed on procedural grounds, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, it is determined that jurists of reason would not find it debatable that, to the extent the motion presents claims for relief under section 2254, it is an unauthorized successive habeas petition. See Johnson, 2013 U.S. Dist. LEXIS 106923 (refusing to issue a certificate of appealability after concluding that the Rule 60(b) motion, which sought to bring new ineffectiveness claims under Martinez, was a second or successive § 2254 petition); Rainey, 2009 U.S. Dist. LEXIS 115777 at *25-26 (refusing to issue a certificate of appealability to the extent the motion is construed as a successive 2254 petition).

31

**Conclusion**

The motion to reopen, filed more than twenty-five (25) years after habeas relief was denied, is untimely. Rule 15 cannot save its untimeliness because most of the fraud allegations were also raised in a 2006 Rule 60(b) motion, which was dismissed as untimely. Although Petitioner attempts to bring claims of fraud on the court under Rule 60(d), which has no time limitation, his fraud allegations do not rise to the level of egregiousness contemplated by subsection (d) and, instead, fall under Rule 60(b). Regardless, the motion has been considered on its merits.

After an "equitable evaluation" that included, inter alia, consideration of <u>Martinez</u> and Petitioner's allegations of fraud, it has been determined that he has failed to establish extraordinary circumstances warranting relief. Significantly, the United States Supreme Court decision in <u>Martinez</u>, which changed the federal rules of procedural default, does not apply to this case because the habeas claims were not dismissed on procedural default grounds. Rather, each claim was considered, and rejected, on its merits. This factor, along with strong interests of repose and finality, weigh against reopening the 1987 habeas proceedings, which challenged a state court conviction from 1975. Additionally, the fraud claims, many of which were raised in a previous Rule 60(b) motion, primarily focus on allegations of misconduct during the underlying state court proceedings and only tangentially reach the habeas corpus proceedings. The fact that the Third Circuit Court of Appeals denied a certificate of appealability from the dismissal of the first Rule 60(b) motion, and also denied Petitioner's application for permission to file a second or successive section 2254 petition, also weigh against granting relief in this case. The motion to reopen will therefore be denied. Notably, to the extent the motion attempts to raise new

allegations of ineffective assistance of counsel or to present new claims or evidence, it is a successive section 2254 petition which this Court is without jurisdiction to entertain.  Rule 15 does not allow Petitioner to avoid the rules against successive petitions.

      A separate Order will be issued.

Date: August 18, 2014

**United States District Judge**